IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Stephanie Moore, | ) |
|       Plaintiff, | ) **ORDER RE § 1915(e)(2) SCREENING** |
| | ) **AND GRANTING PLAINTIFF LEAVE** |
| vs. | ) **TO FILE AMENDED COMPLAINT** |
| | ) |
| Target Logistics Management, | ) Case No. 1:19-cv-101 |
| | ) |
|       Defendant. | ) |

Plaintiff has been granted leave to proceed *in forma pauperis* in the above-captioned case. She has also filed notice of her consent to the Magistrate Judge's exercise of jurisdiction. The matter is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2) in advance of the court ordering service of process.

## I. BACKGROUND

Plaintiff initiated this action pro se in June 2019 with the submission of a "form complaint." She seeks to recover back pay and overtime to which she asserts an entitlement. Specifically, she alleges:

> The grounds for filing this case in Federal Court are race and sex (gender discrimination of the Equal Pay Act (EPA) of 1963. These violations occurred at Stanley Hotel a subsidiary of Target Logistics Management 913 4th St SW, Stanley ND 58784. The violation occurred between August 2013-September 2017.
>
>                                             * * *
>
> Hourly Pay plus Overtime was not equal to what others were paid, men and non-African Americans.

(Doc. No. 4).

1

## I. STANDARDS GOVERNING § 1915(e)(2) REVIEW

Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); cf. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002) ("[T]he Federal Rules do not contain a heightened pleading standard for employment discrimination suits."). In applying the standard, the court must accept the plaintiff's factual allegations as true. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Pro se complaints must be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). However, in construing a pro se complaint, the court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## II. DISCUSSION

The Equal Pay Act ("EPA") prohibits wage discrimination "between employees on the basis of sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). It does not speak to wage discrimination on the basis of race. On the other hand, Title VII of the Civil Rights Act of 1964 does, stating in relevant part that "[i]t shall be an unlawful employment

practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a). Although plaintiff makes no explicit mention of Title VII in her complaint, she is arguably endeavoring to assert claims pursuant to the EPA and Title VII given that she lists both sex and race discrimination as the basis for this court's exercise of jurisdiction and claims that she has did not get the same pay as men and non-African Americans.

Regardless of the statutory bases for plaintiff's claims, she has failed to satisfy the most basic of pleading requirements. Her complaint is conspicuously devoid of any description of her and others' job requirements much less assert there was disparity between her wages and the wages others earned performing equal work. Rather, she asserts simply that she earned less than men and non-African Americans. Absent more, such a conclusory allegation does not constitute the basis for cognizable wage discrimination claim under either the EPA or Title VII.

The court cannot at this point conclude with absolute certainty that the deficiencies in plaintiffs' complaint cannot be cured by amendment. Given that plaintiff is proceeding *pro se*, the court shall provide her with an opportunity to file an amended complaint that addresses these deficiencies.

### III. CONCLUSION

Plaintiff is **GRANTED** leave to file an amended complaint. Plaintiff shall have until November 25, 2019, to file amended complaint setting for both the statutory and factual bases for all of her claims with the understanding that it shall be subject review upon receipt pursuant to 28 U.S.C. § 1915(e)(2). Failure to file a amended complaint by November 25, 2019, may result in the summary dismissal of this matter.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2019.

                                          */s/ Clare R. Hochhalter*
                                        Clare R. Hochhalter, Magistrate Judge
                                        United States District Court